**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Wright, as attorney-in-fact for Mary Wood,<br><br>    Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>    Defendant. | No. CV 06-01788-PHX-NVW<br><br>**ORDER** |

Pending before the court is Plaintiff's Motion to Disqualify Defense Expert Dr. Conomos (Doc. # 78).

**I.      Background**

On October 4, 2004, Plaintiff Mary Wood presented to the Carl T. Hayden Veterans Affairs Medial Center in Phoenix, Arizona (the "VAMC"), with complaints of persistent headache and progressive weakness. The Amended Complaint alleges that Wood's admission to the VAMC precipitated a series of negligent acts by hospital employees, including negligent catheterization (Count I), negligent fluid management (Count II), negligent intubation (Count III), and negligent failure to institute proper therapy (Count IV). Count V of the Amended Complaint adds that Defendant, through the actions of the VAMC, failed to supervise properly those medical residents and interns who cared for Wood during her period of hospitalization. Wood is alleged to have suffered physical pain, mental

1  anguish, loss of future earning capacity, and permanent physical and mental injury as a result
2  of Defendant's acts.

3      Wood was transferred from VAMC to St. Joseph's Hospital on October 15, 2004,
4  where she was treated by Dr. Jeremy Feldman, M.D, an associate of Arizona Pulmonary
5  Specialists, Ltd. ("APSL").  Upon Wood's admittance to St. Joseph's, Dr. Feldman
6  conducted a review of her treatment history at VAMC and recorded some disagreement with
7  the treatment she had received.  Wood plans to call Dr. Feldman as a fact witness to
8  introduce this disagreement. Defendant has designated another associate of APSL, Dr. Paul
9  Conomos, M.D., as an expert witness.  Dr. Conomos will comment on aspects of Wood's
10 medical care while she was a patient at VAMC.  Specifically, Dr. Conomos concludes in his
11 expert report that Wood's treatment at VAMC was not deficient in the manner expressed by
12 Dr. Feldman in his initial report.

13     Wood now moves to disqualify Dr. Conomos as an expert witness for the defense
14 based upon his and Dr. Feldman's shared affiliation with APSL and their contradictory
15 testimony.  Plaintiff claims that by testifying for the defense Dr. Conomos would 1) breach
16 his fiduciary duty to Wood as a patient of APSL, 2) create a conflict of interest with Dr.
17 Feldman resulting in prejudice to Wood, and 3) unfairly limit Wood's future choice of health
18 care provider.

19 **II.  Analysis**

20     Federal courts have the inherent power to disqualify experts.  *Koch Ref. Co. v.*
21 *Jennifer L. Boudreaux MV*, 85 F.3d 1178, 1181 (5th Cir. 1996) (citing *Campbell Ind. v. M/V*
22 *GEMINI*, 619 F.2d 24, 27 (9th Cir.1980)).  Courts may disqualify an expert to prevent a
23 conflict of interest and to maintain the integrity of the judicial process.  *Id.*  It is, however,
24 rare for a court to disqualify a qualified expert.  *Id.*  Before doing so, the court should
25 consider whether another expert with equivalent qualifications and knowledge will be
26 available for hire before trial.  *Id.*

27     The factual scenario presented by this case does not involve the familiar situation
28 where an expert switches sides, or even the somewhat rarer situation where two experts from

1  a single professional firm are hired to testify on opposite sides of a dispute. Rather, this case
2  involves an affiliation between a fact witness for Plaintiff, Wood's treating physician Dr.
3  Feldman, and Defendant's expert witness, Dr. Conomos. The conflict of interest supposedly
4  arising from this scenario is that Dr. Feldman may become less cooperative with Plaintiff for
5  fear of straining his professional relationship with Dr. Conomos.

6  The parties have identified only one case that ever dealt with an alleged conflict
7  between a treating physician as fact witness and an expert for the opposing party. In *Wright*
8  *v. Kaye*, the Supreme Court of Virginia applied the test that courts use to decide if a conflict
9  exists between affiliated experts: whether the moving party has produced "evidence that any
10 substantive information about the case has been exchanged between the affiliated experts."
11 267 Va. 510, 526–27, 593 S.E.2d 307, 315 (Sup. Ct. 2004) (citing *City of Springfield v.*
12 *Rexnord Corp.*, 111 F. Supp. 2d 71, 75 (D. Mass. 2000)).

13 The plaintiff exhorts the court instead to rely upon the holding of *Sells v. Wamser*, 158
14 F.R.D. 390, 393 (S.D. Ohio 1994), a case concerning affiliated experts. The experts in *Sells*
15 had not shared information. Nevertheless, to preserve the integrity of court proceedings, the
16 court disqualified one of the experts because "[i]t would be unseemly, at best, to permit
17 representatives of the same [professional] firm to testify on opposite sides of the case, and
18 to expect those persons to be objectively critical of each other's testimony." 158 F.R.D. at
19 393–94.

20 The affiliation between Dr. Feldman and Dr. Conomos does not present the same
21 threat to judicial integrity as the affiliation between the expert witnesses did in *Sells*. Two
22 hired experts from the same firm testifying to opposite opinions creates a much greater
23 appearance of impropriety than a conflict between the testimony of an impartial fact witness
24 and an expert witness for the opponent. Dr. Feldman was not hired by Wood to express an
25 opinion, but rather will appear before this court to truthfully relay his initial assessment of
26 the treatment Wood received at VAMC. Plaintiff does not contend that Dr. Feldman will be
27 unable to do so simply because another physician in the same medical practice has come to
28 the opposite conclusion after later reviewing all available medical evidence.

Wood relies upon the vague notion that Dr. Feldman will become "minimally-cooperative," and upon the speculation that in the future she may be forced to see Dr. Conomos for pulmonary care because associated physicians cover for one another in periods of absence. This is not enough to disqualify Dr. Conomos. If Wood presented some evidence that Dr. Feldman had shared substantive information about the case with Dr. Conomos, the court would have some grounds to find a conflict of interest. Wood has not presented any such evidence. Nor has she provided any legal support for the proposition that a physician in a professional association has a fiduciary duty to refrain from serving as an expert witness against any patient of a different physician in the same association. On these facts, the Defendant's designation of Dr. Conomos as an expert witness does not create a conflict of interest and does not threaten the integrity of the judicial process.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Disqualify Dr. Conomos (Doc. # 78) is DENIED.

DATED this 18th day of October 2007.

_____
Neil V. Wake
United States District Judge